FILED
United States Court of Appeals
Tenth Circuit

March 17, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In Re:

SHEILA R. DEITZ; NANCY P. JOHNSON; ANDREW T. BRAKE; BRIAN LEE LEWIS,

Petitioners.

No. 08-1052
(D.C. No. 95-CV-02756-WDM-OES)
(D. Colo.)

---

ORDER

---

Before **TACHA**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Petitioners seek a writ of mandamus directing the district court to rule on a pending dispute over funds held in the court registry. The materials submitted with the petition, along with information gleaned from the docket, indicate that this matter has been fully briefed and awaiting disposition since April 2006. To justify the extraordinary remedy of mandamus, petitioners must show "a clear right to relief" based on violation of a "peremptory duty on the part of the court" to rule in a timely fashion on the dispute before it. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). While we do not consider the delay involved here to be in any sense minimal, we conclude that the relevant circumstances do not yet warrant our resort to mandamus.

Petitioners emphasize that a delay of only fourteen months prompted this court to issue a writ of mandamus in *Johnson*. But that case concerned delay in resolving a habeas petition, which courts are to address expeditiously. *See id.* at 1284; *see also* 28 U.S.C. § 2243. Petitioners cannot invoke an interest as compelling as personal liberty. While we do not gainsay their practical interest in the timely allocation and distribution of the registry funds, the time period involved in *Johnson* is not an apt guidepost here.

We note that after months of silence from all concerned, petitioners did not make a last appeal to the district court for a decision before turning to this court for mandamus relief. While not a formal procedural prerequisite, perhaps such action would have netted results. Of course, our denial of the instant petition allows the parties to pursue such a course. Significantly, our ruling should not be read as prospectively endorsing further delay in the resolution of this matter.

The petition is DENIED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk