IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.  95-cv-02756-WDM-OES (consolidated with 97-cv-00897-WDM-OES)

SHEILA R. DEITZ,

     Plaintiff,

v.

THE UNIVERSITY OF DENVER, COLORADO SEMINARY, et al.,

     Defendants.

_____

### ORDER RE STATUS CONFERENCE
_____

Following *de novo* review of the record and the arguments of the parties,

questions have arisen concerning the enforcement of attorney fee liens under Colorado

law.  The Colorado statute prescribes that such a lien "may be enforced by the proper

civil action."  Colo. Rev. Stat. § 12-5-119.  "A 'proper civil action' includes bringing an

independent action or filing a motion to reduce the lien to judgment in the civil action

that gave rise to the lien claim." *Gold v. Duncan Ostrander & Dingess, P.C.*, 143 P.3d

1192, 1193 (Colo. App. 2006), citing *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835

(1977), *In re Mitchell*, 55 P.3d 183 (Colo. App. 2002).  *See also In re Marriage of Mann*,

697 P. 2d 778 (1985).  Mere filing of the notice is not commencement of a "proper civil

action." *In re Mitchell*, 55 P.3d at 186.  The filing of the "proper civil action" must be

"within the limitations applicable to enforcement of the underlying debt." *Gold*, 143 P.3d

at 1195.  Generally, a claim for breach of a contractual agreement for attorney fees is

governed by the six-year statute of limitations.  Colo. Rev. Stat. § 13-80-103.5.

*Rotenberg v. Richards*, 899 P.2d 365 (Colo. App. 1995).

The record indicates that Nancy Johnson gave notice of her lien claim on March 26, 1996, based upon an alleged contract to pay attorney fees.  The Brake law firm filed its Notice of Attorney Lien on March 9, 2001, based upon an alleged agreement in 1996.  The record does not disclose a motion to enforce either lien.  The hearings conducted and the magistrate judge orders concerned Plaintiff's motion for dismissal of lien (ECF No. 376) and the Brake law firm's motion for allocation of settlement proceeds (ECF No. 414).  Neither of Magistrate Judge Schlatter's orders addressed whether the proceedings were a "proper civil action" for enforcement of the lien and whether the proceedings were within the limitations period.

With this background, the parties are ordered to address the following issues at the November 30, 2010 status conference:

1.  Was a "proper civil action" ever initiated in accordance with Colo. Rev. Stat. § 12-5-119?

2.  If the answer is in the affirmative, identify how the "action" was commenced?

3.  If the answer to the first question is in the affirmative, explain whether or not the commencement was within the applicable statute of limitations.

Filing of your responses by noon on November 30, 2010, is appreciated but not required.

DATED at Denver, Colorado, on November 22, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge